**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| TERRY MCCLINE, | PETITIONER |
| v. | No. 4:05CV89-P-S |
| CHRISTOPHER EPPS, ET AL. | RESPONDENTS |

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Terry McCline, for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the McCline has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

**Facts and Procedural Posture**

The petitioner is the custody the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman. He was convicted of armed carjacking, armed robbery, and conspiracy in the Circuit Court of Sunflower County, Mississippi. On October 3, 2001, McCline was sentenced to thirty years in the Mississippi Department of Corrections for Count I (armed carjacking), forty-five (45) years for Count II (armed robbery) to run consecutive to Count I, and five years for Count III (conspiracy) to run consecutive to Counts I and II in the custody of the Mississippi Department of Corrections. (R.1 at 103)(No. 2002-KA-00921-COA).[1]

---

[1] Citations to the state court record shall be designated herein as "R." followed by the applicable volume number and page.

McCline appealed his convictions and sentences to the Mississippi Supreme Court and filed a *pro se* brief[2] asserting the following issues:

> 1) Petitioner was subjected to double jeopardy because the charges of armed robbery and armed carjacking arose from the same incident.
>
> 2) Petitioner received ineffective assistance of counsel due to trial counsel's failure to object to double jeopardy and to the State's statement of the evidence regarding the date of the crimes.
>
> 3) Petitioner received excessive punishment because the sentences received aggregate to a term greater than his life expectancy and were in excess of what his co-indictees received.
>
> 4) No official record exists to show that defense counsel was properly appointed.

On May 20, 2003, the Mississippi Court of Appeals affirmed McCline's conviction and sentence. *McCline v. State,* 856 So.2d 556 (Miss.Ct.App. 2003), *reh'g denied* (Miss.Ct.App. Aug. 12, 2003) (No. 2002-KA-00921-COA), *cert. denied* (Miss. Nov. 20, 2003) (No. 2002-CT-00921-SCT).

On February 12, 2004, McCline filed a *pro se* Application for Leave to Proceed in the Trial Court on a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court (Cause No. 2004-M-00294), raising the following claims:

> 1) Petitioner received ineffective assistance of counsel at trial because counsel failed to:
>
>> a) Raise the issue of speedy trial; and
>>
>> b) Investigate, pursue the defense that petitioner was under threat by co-defendants at the time of the crime or summon witnesses who had crucial testimony to support the defense.

---

[2]Counsel for petitioner filed an initial brief arguing that the verdict was against the overwhelming weight of the evidence. Subsequently, McCline successfully sought to have counsel removed and filed a *pro se* brief.

2) Petitioner was denied due process of law because the Mississippi Court of Appeals should have ruled in his favor when the State failed to respond to his pro se brief.

3) Petitioner's sentence was excessive.

The Mississippi Supreme Court denied McCline's application August 2, 2004, holding that issues one and three "were considered and found to be without merit by the Court of Appeals and are procedurally barred here."[3] The court further held that the remaining issue was without merit.

In the instant federal petition for writ of *habeas corpus*, McCline raises the following issues:

> **Ground One** - Trial counsel was ineffective for failing to object to the speedy trial violation.
>
> **Ground Two** - Appellate counsel was ineffective in failing to raise the speedy trial issue on direct appeal.
>
> **Ground Three** - Appellate court erred in denying the claims in petitioner's pro se brief when the State failed to respond to same.
>
> **Ground Four** - Petitioner received an excessive sentence in that the sentence of 45 years for armed robbery exceeded petitioner's life expectancy at the time of trial.
>
> **Ground Five** - Trial counsel was ineffective for failing to adequately investigate charges, properly prepare a defense and summon crucial witnesses to trial.
>
> **Ground Six** - Petitioner was subjected to double jeopardy where he was convicted of triple charges that arose from the same incident and where proof introduced on one charge was required and introduced in each subsequent charge.
>
> **Ground Seven** - There is nothing in the record to establish that the appointment of defense counsel was proper.
>
> **Ground Eight** - The cumulative effect of the ineffectiveness of counsel deprived

---

[3] See n. 4 at p. 9.

petitioner of his constitutional right to a fair trial and an effective direct first appeal. McCline subsequently filed an amended brief to his petition for writ of *habeas corpus* in which he restated his double jeopardy claims. He also filed a traverse.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered all eight grounds for relief in the instant petition on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision

is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One through Eight of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ineffective Assistance of Counsel**

Of his eight grounds for relief, Terry McCline has alleged four based upon a theory of ineffective assistance of counsel: (1) trial counsel's failure to raise a claim for violation of McCline's right to a speedy trial, (2) appellate counsel's failure to raise a claim for violation of

-5-

McCline's right to a speedy trial, (5) trial counsel's lack of preparation (inadequate investigation, failure to mount a proper defense, and failure to summon crucial witnesses), and (8) combined error from Grounds 1, 2, and 5. None of these grounds for relief has merit, and the state courts were reasonable in making that determination.

In order to prove a claim that counsel was ineffective, a prisoner seeking a petition for a writ of *habeas corpus* must prove both that counsel's performance was deficient – and that the deficiency prejudiced the petitioner's legal position. *Strickland v. Washington*, 466 U.S. 668 (1984) Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

**Grounds One and Two: Speedy Trial**

McCline claims in Grounds One and Two that he was denied his constitutional right to a speedy trial because he was not tried within 270 days of his arrest. He argues that both trial and appellate counsel were ineffective in failing to raise this claim as a defense to his conviction.

These claims are without merit.

A court must weight four factors to determine whether delays in holding a criminal trial amount to a speedy trial violation. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Those factors are length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.*

McCline was arrested and had an initial appearance on August 10, 2000. (R. 1 at 12). McCline was released on bond, and then was indicted on December 27, 2000. (R. 1 at 7, 8, 9 and 10). Prior to arraignment, a capias for McCline was issued on December 27, 2000, and again on January 12, 2001. (R. 1 at 16, 17). The state conveyed a plea offer on January 16, 2001. (R. 1 at 15). However, over the next several months, McCline's counsel was unable to locate him at various times or get him to return telephone calls. (R. 1 at 48-51). Further, counsel's itemized statement of compensation and expenses reflects that the McCline decided on February 23, 2001, to plead – only to inform counsel on March 5, 2001, that he wanted a continuance. *Id.* Counsel's statement indicates that on June 6, 2001, McCline conveyed, through his mother, that he wanted to go to trial. (R. 1 at 48-51). Counsel's statement further shows that McCline refused to talk to counsel on June 21, 2001, and wanted a new attorney. Id. New counsel was obtained on June 22, 2001, and McCline's trial began on October 3, 2001. Counsel's statement is further corroborated by the fact that warrants were issued for petitioner on June 13 and 16, respectively, for contempt of court and failure to appear. (R. 1 at 40, 47). The record establishes that McCline still had not made up his mind about whether he wanted to plead guilty up until the start of the trial. (R. 2 at 7-11). McCline was actively trying to postpone his case even on the date of trial – and inquired whether he could get a continuance if he "relieved"

his second lawyer. (R. 2 at 4-6). Finally, the trial court made a finding on the record that McCline was merely seeking a continuance to delay the case. (R. 2 at 5, 6).

McCline's constitutional speedy trial right attached at the time of arrest on or about August 10, 2000, and his trial began on October 3, 2001 (419 days later). Thus, the court must weigh (1) length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant. Delays of less than one year are not presumptively prejudicial under *Barker*, and thus would require no further inquiry. *Knox v Johnson*, 224 F3d 470 (5th Cir 2000). It is unclear under the prevailing law whether the delay of 419 days in this case is presumptively prejudicial. Even assuming the delay could be characterized as such, none of the other *Barker* factors are helpful to McCline's speedy trial claim. As to the reason for the delay, it appears that McCline himself caused most, if not all, of the delays of which he complains. He repeatedly changed his mind about whether or not to plead guilty; he would not communicate with his attorney; he changed attorneys – and he tried to obtain a new attorney to get a continuance *on the very day of trial*. Given McCline's actions, it is no surprise that the record contains no evidence that he ever directed counsel to assert his right to a speedy trial.[4] Similarly, given the overwhelming evidence of McCline's guilt – including a written statement and audiotaped confession – the court holds that he suffered no prejudice from the delay. As there was no violation of McCline's right to a speedy trial, both trial and appellate counsel gave effective representation in their decisions not to raise such a claim. For these

---

[4]Indeed, given the overwhelming evidence of McCline's guilt, a speedy trial would merely have hastened McCline's incarceration, and McCline's actions show that he clearly understood that concept. He appears to have delayed his trial every time the opportunity presented itself.

reasons, the state court's decision on these issues was reasonable in fact and law, and McCline's claims for relief in Grounds One and Two shall be denied.

**Ground Five**

In Ground 5, McCline argues that trial counsel was ineffective for failing to investigate the charges adequately, prepare a proper defense, and summon crucial witnesses to trial – because counsel did not call any witnesses to support McCline's claim that his co-defendants, Gregory Harris and James Earl Lewis, took him at gunpoint and commandeered his vehicle to commit the crimes. McCline argues that counsel could have called the truck driver or others with knowledge of the events occurring that day. Further, McCline argues that counsel failed to investigate petitioner's version of the events – and that his co-defendants testified against him after being given a deal. These factual allegations are contradicted in the record.

First, the state *did* call the driver of the delivery truck, Gerald Rice, as a witness, and defense counsel cross-examined him. (R. 2 at 27-42). The state also called Shay Thomas, an eyewitness to the carjacking and armed robbery, and defense counsel cross-examined him, as well. (R. 2 at 46-60). Neither these nor any of the state's other witnesses appear to have had testimony to offer that could have helped McCline's defense.

McCline also alleges that counsel did not investigate his story that his co-defendants forced him to participate in the crimes – and that his co-defendants received a deal – then testified against him. Again, McCline's claim is contradicted by the record. First, McCline was offered the same plea agreement as the other two defendants. (R. 1 at 15). Second, neither of his

co-defendants testified at trial. ( R. 2).[5] There is simply no evidence in the record to support McCline's version of events. As such, Ground Five is without merit and shall be denied.

As to Mcline's claim in Ground Eight of cumulative error arising out of his other claims of ineffective assistance of counsel, the court holds that both trial and appellate counsel represented him effectively, particularly given McCline's reluctance to cooperate with any of the attorneys appointed to represent him. As discussed above, none of McCline's claims of ineffective assistance of counsel has merit. The accumulation of non-errors does not create an error. This ground for relief is thus also without merit.

### Other Grounds: Three, Four, Six, and Seven

McCline's other grounds for relief cannot easily be grouped; as such, the court shall discuss them separately. In Ground Three, McCline argues that the state appellate court should have automatically ruled in his favor when the state failed to file an appellee's brief opposing McCline's brief of appellant. First, this ground is based solely upon state law and is thus not properly before the court on a petition for a writ of *habeas corpus*. Second, even under state law, the appellate court need not automatically reverse a case simply because the appellee fails to file a brief. *Selman v. Selman,* 722 So.2d 547, 551 (Miss.1998)). To warrant reversal, the appellant's argument "should at least create enough doubt in the judiciousness of the trial court's judgment that this Court cannot say with confidence that the case should be affirmed." *Griffin v.*

---

[5]McCline did testify at trial – and denied that he gave a taped statement admitting guilt to law enforcement. However, McCline's testimony was rebutted by *three* of the officers present when the statement was given. ( R. 2 at 86-87,123-24, 125-26). In addition, McCline's testimony directly contradicted that of his counsel, who informed the trial court (in chambers and outside the presence of the prosecution or law enforcement officers) that McCline had admitted the accuracy of the taped statement, but then expressed his plan of disguising his voice to persuade the jury that the taped voice was not his. (R. 2 at 92-97).

*Breckenridge,* 204 So.2d 855, 855 (Miss.1967). The evidence against McCline, the appellant, was absolutely overwhelming, and none of his grounds for appeal had merit. The state court was reasonable in its decision to rule upon the merits of McCline's appellate arguments based upon the contents of the record. This ground for relief is without merit.

In Ground Four, McCline argues that his sentence of forty-five years for armed robbery was excessive because, given his age at the time of sentencing (twenty-three), the sentence exceeded his life expectancy. The Mississippi Court of Appeals reviewed McCline's claim on direct appeal and found it to be without merit.

> Each of the sentences McCline received was within the statutory limits. He received the maximum penalty for the armed carjacking and conspiracy. The maximum penalty for armed robbery is life imprisonment if the jury so decides. Miss. Code Ann.§97-3-79 (Rev.2000). Where the jury is unable to agree on a sentence of life imprisonment, the court is to set a sentence reasonably less than life. *Erwin*, 557 So.2d at 803. The sentence imposed for the armed robbery was forty-five years. At age twenty-three, McCline's age at trial, forty-five years is a term reasonably less than a life term. Each of the sentences McCline received are within the statutory boundaries and while severe are not excessive.

*McCline*, 856 So.2d at 560.

McCline's claim has no merit. There is no "clear or consistent path for courts to follow" in determining whether a sentence violates the Eighth Amendment. *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Courts should apply a gross disproportionality principle to sentences for terms of years." *Id*. A finding that a sentence is grossly disproportional should be made only in "'exceedingly rare' and 'extreme' cases." *Id.* (citations omitted).

The facts of the case under review reveal that the state court was correct in upholding the sentence imposed in this case because it does not fall into the "exceedingly rare" or "extreme"

category as discussed in *Lockyer*. McCline was sentenced to serve thirty years for armed carjacking, forty-five years for armed robbery, and five years for conspiracy. None of the sentences exceeded the statutory maximum. In sentencing McCline, the trial court considered the nature of the crimes, the evidence presented, McCline's failure to take responsibility, and that McCline told "one of the most preposterous lies that I've ever heard a defendant tell." (R. 2 at 153-55). The record supports the sentences, none of which were outside the statutory guidelines. As such, McCline's sentence is not grossly disproportionate to his crime.

McCline argues that the forty-five year sentence is outside the statutory guidelines because it exceeds his life expectancy – and provides as support for this proposition a table showing life expectancy of people in the United States. Exhibit "A" of Traverse. McCline focuses on the part of the table for black males born in 1978, which shows a life expectancy of 63.7 years. Subtracting McCline's age at the time of sentencing (23 years) from that life expectancy yields a maximum sentence of 40.7 years. On this basis, McCline argues that his forty-five year sentence is, in effect, a life sentence.

On the other hand, using the life expectancy of men of all races born in 1978, the same table shows a life expectancy of 69.6 years. Again, subtracting McCline's age at the time of sentencing from this broader figure yields a maximum sentence of 46.6 years – a more severe sentence that McCline received at trial. The court can find no authority in state or federal law requiring courts to use tables of life expectancy to determine the length of a sentence for determining whether a sentence is less than life – and certainly no requirement to use the online table cited by McCline. The decision by the state court upholding that trial court's sentence of forty-five years was not an unreasonable application of law to the facts of this case. As such,

McCline's claim for relief in Ground Four shall be denied.

### Ground Six: Double Jeopardy

McCline claims in Ground Six that he was subjected to double jeopardy because the three convictions arose from the same incident and much of the proof introduced for one charge was used to establish the elements of the others. This argument is without merit. The rule regarding double jeopardy in this circumstances is clear – and stated correctly by the Mississippi Court of Appeals. The petitioner cannot establish double jeopardy because each offense contained an element not required by the other offenses. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Armed carjacking required the state to prove that McCline took a motor vehicle while using a weapon. The armed robbery required the state to prove that McCline took money from the occupants of the truck (not the vehicle itself). Conspiracy required proof that McCline agreed with others to commit a crime. Thus, McCline was convicted for taking different things (a delivery truck and money) in the armed carjacking and armed robbery convictions. His double jeopardy claim thus fails as to these two convictions. Similarly, the state proved that McCline *agreed with others* to commits the crimes – an element distinct from the other two offenses. For this reason, the state's holding regarding McCline's double jeopardy claim in Ground Six is reasonable in fact and law. As such, this ground for relief is without merit and shall be denied.

### Ground Seven: No Record that Appointment of Counsel Was Proper

Finally, McCline argues that *habeas corpus* relief is appropriate because the record does not contain documents to show that the trial court properly appointed McCline's attorney. McCline has presented no argument or proof from the record to show that he was prejudiced by

such a lack of documentation – and no authority that such lack of documentation would support a *habeas corpus* claim. Indeed, the court knows of none. As such, the state court's ruling on this issue was correct in fact and law, and McCline's claim in Ground Seven of the instant petition shall be denied.

In sum, all of the claims in the instant petition for a writ of *habeas corpus* shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of September, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE