# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

TERRY MCCLINE,                                                PETITIONER

v.                                                     No. 4:05CV89-P-S

CHRISTOPHER EPPS, ET AL.                              RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on remand from the Fifth Circuit Court of Appeals so the court may rule on the merits of McCline's claim that the state adduced insufficient evidence to sustain his conviction for armed robbery. This claim is inextricably bound to McCline's claim that his conviction for armed robbery was barred on double jeopardy grounds because he was also convicted of armed carjacking based upon the same incident. As discussed below, these claims are without merit because they are unsupported in the record.

## Facts in the Record

McCline was convicted of armed carjacking, armed robbery, and conspiracy in the Circuit Court of Sunflower County, Mississippi. The convictions arose out of an incident on August 9, 2000, during which McCline, James Lewis, and Gregory Harris traveled together in a maroon Buick and forced a truck delivering goods for the Dixie Tobacco Company to pull over by driving in front of it with the Buick. (Transcript, p. 105-107). James Lewis used to work for Dixie Tobacco Company, and McCline and his accomplices lived in the same neighborhood and had known each other for years. (Transcript, p. 112). The delivery driver and his partner carried $60,000.00 worth of candy and tobacco products in truck – and also carried about $40.00 of cash in a bank bag they kept on the dashboard. (Transcript, p. 44-45). Two of the three men in the car then exited and approached the delivery truck; they were wearing ski masks in the August

heat. (Transcript, p. 47). One had a pistol and pointed it at the driver, who jumped out of the truck and ran away into a nearby field. (Transcript, p. 30). The driver's partner exited the truck and lay on the ground. (Transcript, p. 31). The two masked men then drove away in the truck, and the third man followed in the maroon car. (Transcript, p. 31). A man leaving his driveway and going to work witnessed the incident and called the police on his cellular telephone. (Transcript, p. 46-47). Law enforcement officers soon located the delivery truck, which was parked and unoccupied, and saw the maroon Buick driving away. (Transcript, p. 63). Other law enforcement officers arrived and, after a short chase, the maroon vehicle careened into a ditch. (Transcript, p. 65). Two men fled from the passenger side of the vehicle into a nearby bean field, where they were quickly apprehended. (Transcript, p. 65-66). The third man, McCline, exited from the driver's side of the vehicle and fled through a ditch with chest-deep water into a nearby wooded area. (Transcript, p. 65-66). While the officers were apprehending McCline's two accomplices, McCline returned to the vehicle and tried to drive out of the ditch with it. (Transcript, p. 66). When he could not do so, he fled again through the flooded ditch into the wooded area,[1] where he was apprehended after a two-hour search – soaking wet and missing one shoe.[2]

Investigators at the scene found McCline's shoe, clothing worn by the suspects, and cash in the floorboard of the maroon Buick,[3] which belonged to McCline's girlfriend, Markita Lloyd.[4]

---

[1](Transcript, p. 66).

[2](Transcript, p. 74).

[3](Transcript, p. 76-77).

[4](Transcript, p. 75).

All of the cash was missing from the bank pouch in the Dixie Tobacco delivery truck. (Transcript, p. 74-77). McCline gave an incriminating statement at the police station shortly after he was apprehended. (Transcript, p. 86-87, 96).[5] The recorded statement was incriminating enough that McCline told his lawyer – and the court in chambers – that he would attempt to disguise his voice when he testified in an attempt to persuade the jurors that he had not actually given the statement. (Transcript, p. 91-97). Indeed McCline testified and denied that he had given the statement. (Transcript, p. 110). Three law enforcement officers who were present when McCline gave the incriminating statement testified that he did, indeed, give the statement. (Transcript, p. 86-87, 122-127).

### McCline's Claim of Insufficient Evidence and Double Jeopardy

Double jeopardy consists of three separate constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). In this case, the issue is the protection of McCline from multiple punishments for the same offense.

Under Mississippi law, carjacking is defined as:

> Whoever shall knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempting to do so, or by any other means shall take a motor vehicle from another person's immediate actual possession shall be guilty of carjacking.

MISS. CODE ANN. § 97-3-117(1). Armed carjacking adds the element of being armed with a

---

[5]Neither the tape recorded statement nor the transcript of it was included in the record provided by the state.

deadly weapon while committing the crime of carjacking. MISS. CODE ANN. § 97-3-117(2).

The elements of armed robbery under Mississippi law are:

Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery . . . .

MISS. CODE ANN. § 97-3-79.

The gravamen of McCline's argument is that the state could not use the taking of the delivery truck to fulfill an element of both armed carjacking and armed robbery – because armed carjacking is simply a specific case of armed robbery, where the property taken is a motor vehicle. Thus, in order to convict McCline of armed robbery and armed carjacking on the facts of this case, the state must prove that McCline or his accomplices used a deadly weapon to take both the delivery truck and some other piece of property – which he believes would be the $40.00 in the bank pouch.

McCline argues that "the record clearly shows that no money was taken from the occupants of the truck." This claim was raised as part of his argument that his convictions for both armed carjacking and armed robbery violated the Fifth Amendment prohibition against double jeopardy.[6] McCline argues that in order to obtain a conviction for armed robbery (without running afoul of the prohibition against double jeopardy), the state was required to prove that McCline and the others took approximately $40.00 of cash from the delivery truck, not just the delivery truck itself. He alleges that the state failed to prove that the $40.00 was taken at all. Amended Petition for a Writ of Habeas Corpus, p. 4. (Docket entry 19).

---

[6]The court addressed McCline's double jeopardy claim in its original memorandum opinion and final judgment in this case.

The record shows, however, that the state proved that McCline and the others indeed took the money from the delivery truck. The bank pouch contained about $40.00 in cash before McCline and his accomplices took the truck at gunpoint,[7] and the pouch was empty when it was recovered a short while later after a frenzied pursuit.[8] In addition, the investigators found cash on the floorboard of the maroon Buick, along with a wet shoe, audiotapes, and clothing McCline and the others had worn when they stopped the truck at gunpoint. (Transcript, p. 76-77). Viewed in the light most favorable to the prosecution, a reasonable jury could conclude that McCline and his accomplices took the money from the pouch in the delivery truck, then dropped it on the floorboard of the maroon Buick during the flight from authorities. After all, no one else had access to the delivery truck, the pouch, or the money in the interim.

In addition, the delivery truck itself contained candy and tobacco products with a value of about $60,000.00. When McCline, Lewis, and Harris drove off with the delivery truck, they also took its contents – including the inventory and the cash. This, too, constitutes a taking of property other than the vehicle itself – and thus supports a conviction on the charge of armed robbery in addition to carjacking. McCline points to no authority requiring that criminals who commit the crime of carjacking of a vehicle cannot be convicted of armed robbery based upon the taking of the vehicle's contents.

In sum, contrary to McCline's assertions, the state admitted evidence showing that McCline and his accomplices took the money from the bank pouch. In addition, the state provided proof that they drove off in the delivery truck – which contained $60,000.00 in tobacco

---

[7](Transcript, p. 44-45).

[8](Transcript, p. 74-77).

and candy inventory, as well as the bank pouch containing $40.00. Thus, as McCline's carjacking conviction was based upon his taking of the delivery truck – and his armed robbery conviction was based upon his taking of property within the delivery truck, double jeopardy does not prohibit the state from upholding both convictions. This ground for relief is without merit and shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 14th day of January, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE